

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

March 22, 1947

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Opinion No. V-101

Re: Authority of a County to
make contribution to an
incorporated city for the
purpose of constructing
an airport and to purchase
fire fighting equipment.

Dear Sir:

Reference is made to your letter of March 3, 1947, in which you request the opinion of this department on the questions:

"Has the Commissioners' Court authority to make a contribution out of the Permanent Improvement Fund to the City of Gladewater, an incorporated city of Gregg County, for the purpose of constructing an Airport near that City; said Airport to be owned and operated by that City?

"Has the Commissioners' Court authority to contribute funds to incorporated cities in Gregg County to purchase fire fighting equipment to be used outside the City limits?"

Section 18, Article V of the Constitution of Texas provides for the division of counties in commissioners' precincts, for the election of county commissioners, and limits the powers of Commissioners' Courts as follows:

"The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

In Mills vs. Lampasas County, 40 S. W. 403, 90 Tex. 606, decided in 1897, the Supreme Court had

under consideration powers of Commissioners' Courts
and said:

> "In our opinion, it is not true, as
> counsel for the appellant county insists in
> his elaborate written argument, that the Con-
> stitution confers upon Commissioners' Courts
> any general authority over county business,
> but merely gives them such special powers
> and jurisdiction over all county business as
> is conferred by the Constitution itself and
> the laws of the State, or as might be here-
> after prescribed."

In 1942, the case of Galveston H. and S. A.
Ry. Co. vs. Uvalde County, 167 S. W. 2nd 305, was de-
cided by the Court of Civil Appeals at Galveston and
a writ of error was refused in that case. Among other
things the Court said:

> "The Commissioners' Court of a county
> has only such powers as are expressly or by
> necessary implication given it by the Con-
> stitution and statutes of this State. Tex.
> Const. Art. 5, Sec. 18, Art. 11, Sec. 3,
> Vernon's Ann. St.; Mills County v. Lampasas
> County, 90 Tex. 603, 40 S. W. 403; Breen v.
> Kelly, 45 Minn. 352, 47 N. W. 1067; W. A.
> Morgan & Bros. vs. Missouri, K. & T. R. Co.,
> 50 Tex. Civ. App. 420, 110 S. W. 978."

Section 3 of Article XI of the Constitution
cited by the Court reads as follows:

> "Section 3. No county, city, or other
> municipal corporation shall hereafter become
> a subscriber to the capital of any private
> corporation or association, or make any ap-
> propriation or donation to the same, or in
> anywise loan its credit; but this shall not
> be construed to in any way effect any obli-
> gation heretofore undertaken pursuant to
> law." (Emphasis ours)

Section 53 of Article III of the State Con-
stitution provides that the Legislature shall have no
power to "authorize the payment of any claim created
against any county or municipality of this State under

any agreement or contract made without authority of law".

Article 2351 of the Revised Civil Statutes of Texas, 1925, prescribes the powers of Commissioners' Courts and the pertinent provision of that Article is in Section 15, which reads:

"Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law".

The question of powers of Commissioners' Courts as administrators of the affairs of counties is covered in Texas Jurisprudence, Vol. 11, pages 563 to 565, from which we quote:

"Section 36. Powers - Generally. - Counties, being component parts of the State, have no powers or duties except those that are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the Commissioners' Courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties."

We have not found any provision in the Constitution or any law of this State which attempts to authorize Commissioners' Courts to contribute any county money to a city for the purpose of constructing an Airport to be owned and operated by such city. Our answer to your first question is in the negative.

Your second question involves the construction of House Bill No. 262, Acts of the 47th Legislature, Regular Session, now appearing as Article 2351a-1, in Vernon's Civil Statutes, which reads as follows:

" * * * The Commissioners' Court of any county of this State shall also have the authority to enter into contracts with any city, town or village within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the Commissioners' Court and the governing body of

such city, town or village, for the use of
the fire trucks and other fire fighting
equipment of the city, town, or village.
* * * "

The Commissioners' Court being given auth-
ority by law to enter into such contracts, such auth-
ority must be liberally construed to give effect to its
purpose. Commissioners' Court v. Wallace, 15 S. W. (2nd)
525.

Opinion No. 0-6160, of this Department was
written in answer to questions submitted by Honorable
John T. Hutchinson, County Attorney of Lamar County,
as follows:

"Is the Commissioners' Court of Lamar
County, Texas, authorized to pay the City of
Paris, Texas, $100 per month for aid and as-
sistance given to the Fire Department of
said city to property located outside of the
city limits?

"If your answer to the first question
is yes, then is the County Auditor of Lamar
County authorized to pay said $100 per month;
and if so, out of what fund would he be auth-
orized to pay same?"

We quote from that opinion as follows:

"Article 2351a-1, supra, specifically
authorizes the commissioners' court of any
county of this State to enter into contracts
with any city, town, or village within the
county and/or adjoining counties upon such
terms and conditions as shall be agreed upon
between the commissioners' court and the
governing body of the city, town, or village
for the use of fire trucks and other fire
fighting equipment of the city, town or vil-
lage. Therefore, you are respectfully ad-
vised that it is the opinion of this depart-
ment that the Commissioners' Court of Lamar
County is authorized under the law to enter
into a contract with the City of Paris to
provide for fire-fighting facilities to pro-
tect property located outside of the city

limits of Paris. Specifically answering
your first question, you are advised that the
Commissioners' Court of Lamar County is auth-
orized to contract with the City of Paris to
provide for fire-fighting facilities and pay
the city $100.00 per month for such services,
provided such expenditures are made in com-
pliance with the county budget and the law
applicable to the county budget.

"In answer to your second question, you
are advised that it is our opinion, in view
of our answer to your first question, the
county auditor is authorized to approve claims
for the sum of $100.00 per month for the above
mentioned services, provided that a contract
has been made by and between the county and
city for such services, and that such payments
must be made out of the general fund of the
county. All county expenditures lawfully auth-
orized to be made by a county must be paid out
of the county's general fund, unless there is
some law which makes them a charge against the
special fund. (Williams vs. Carroll, 182 S. W.
29; Bexar County, et al, vs. Mann, 157 S.W. 2d,
134)."

We are of the opinion that the Commissioners'
Court of Gregg County is authorized to contribute funds
to incorporated cities in Gregg County to purchase fire
fighting equipment to be used for fire protection in
Gregg County outside of such city limits, if such con-
tribution is reasonable, and if made in accordance
with the county budget and other applicable statutes.

## SUMMARY

1. The Commissioners' Court of Gregg
County does not have authority to make a con-
tribution to the City of Gladewater out of the
Permanent Improvement Fund of that county for
the purpose of constructing an airport to be
owned and operated by that city.

2. The Commissioners' Court of Gregg
County has the authority to contribute funds

Hon. R. S. Wyche, Page 6, V-101

to incorporated cities in Gregg County to
purchase fire fighting equipment to be used
in that county outside of the limits of such
cities.  Art. 2351a-1 V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

APPROVED MAR. 22, 1947

ATTORNEY GENERAL

WTW:rb:erc:wb:mrj